JOURNAL ENTRY AND OPINION.
{¶ 1} A jury found defendant Jesus Garcia guilty of three counts of unlawful sexual conduct with a minor, violations of R.C. 2907.04. In this appeal, he claims that there was insufficient evidence to support the convictions and that the convictions are against the manifest weight of the evidence.
 I {¶ 2} When asked to review the sufficiency of the evidence supporting a conviction, we must look at the evidence in a light most favorable to the state and determine whether any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Smith (1997), 80 Ohio St.3d 89, 113.
 {¶ 3} R.C. 2907.04(A) states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." Hence, the state needed to prove (1) that Garcia was more than eighteen years of age, (2) that the victim was thirteen years of age or older but less than sixteen years of age, (3) that Garcia either knew the age of his victim or that he acted with heedless indifference to the fact that she might have been between thirteen and sixteen years of age, and (4) that they engaged in sexual conduct — in this case alleged to be intercourse.
 {¶ 4} The state presented sufficient evidence to prove each element of the offense. Garcia was twenty-six years old and the victim was fourteen years of age at the time of the offenses. Moreover, three witnesses, including a doctor who treated the victim, said that the victim told them that she had engaged in intercourse with Garcia. The victim said that during a telephone conversation with her, Garcia told her that the victim's father "told him not to talk to me anymore, that I was fourteen." Finally, the victim made a written statement to a police officer that she and Garcia had intercourse ten times in the course of their relationship.
 {¶ 5} Garcia complains that the victim recanted her earlier oral and written statements and denied at trial having intercourse with him. We will address that argument shortly. For our purposes here, it is enough to say that a reasonable trier of fact could have believed the testimony of the police officer and the doctor and found that Garcia and the victim did engage in sexual conduct.
 II {¶ 6} Garcia next complains that the evidence is against the manifest weight of the evidence. He does so by pointing out that the victim essentially recanted at trial, claiming that she did not engage in intercourse with Garcia. The victim also sent the court a letter with the same recantation, and the court admitted that letter into evidence.
 {¶ 7} Our inquiry into issues concerning the weight of the evidence is to determine whether the trier of fact "lost its way" in reaching a factual conclusion to the point where a manifest injustice has occurred and the evidence weighs heavily against conviction. State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 77. We do so by considering the entire record, the evidence and the credibility of all the witnesses. We remain mindful that the trier of fact is in the best position to assess the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 8} The evidence showed that the victim ran away from home and sought refuge with Garcia. During the period when she was gone from home, the police stopped Garcia's car for traffic offenses. The victim was in the back seat of the car. The police released the victim and learned that she was staying at the same address as Garcia. The following day, the police discovered that the victim had been the subject of a missing juvenile complaint.
 {¶ 9} When the police responded to Garcia's address, they found the juvenile had been staying in Garcia's bedroom. As they escorted her out of the house, one of the officers asked the victim her age in order to determine whether she needed medical attention. Based on the victim's statements to him, the officer informed the victim's parents and they took her to the hospital to have her examined for sexually transmitted diseases. While at the hospital, the victim told a doctor in the emergency room that she and Garcia had been engaging in consensual intercourse for one month and had intercourse ten times. Following the examination, the victim gave the police a statement in which she admitted that she and Garcia engaged in sexual intercourse.
 {¶ 10} The victim recanted that statement to the police days later. She also sent the court a letter in which she denied having intercourse with Garcia. During her testimony as a court's witness, the victim said that a police officer made up the allegations of sexual conduct because "he didn't like" Garcia. She also said that the doctor at the emergency room fabricated the statement that she and Garcia had intercourse ten times. Finally, she denied that her written statement to the police contained her admission about having intercourse with Garcia.
 {¶ 11} The victim's testimony is riddled with credibility issues. Foremost among them is her claim that three different people fabricated a story that she had intercourse with Garcia. The jury could take the victim's inconsistent testimony in the context it was given; after all, she was a fourteen-year-old in a relationship with an older man whom she wished to protect from prosecution. It is hard enough to prove that one witness lied; proving that three lied, including a medical doctor, is simply beyond belief. The jury had an opportunity to evaluate her credibility and was in the best position to determine the truth of these inconsistent statements.
 {¶ 12} The letter the victim sent to the court did not help her. In the letter, she writes for five rambling pages about her relationship with her parents (including, for example, her anger about not being permitted to trick-or-treat with her friends) and why she turned to Garcia for emotional support. Only after this lengthy insight into her psyche does she say that she and Garcia did not engage in intercourse. It should suffice to say that the victim's letter exhibits the state-of-mind of a confused and emotionally immature teenager. The jury could have reasonably found her recantation to be unpersuasive. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and SEAN C. GALLAGHER, J., concur.